## John D. Casey, Administrator, Appellee, v. Brinks' Chicago City Express Company, Appellant.

## Gen. No. 15,998.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence where it is not clearly and manifestly against its weight.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the HON. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 22, 1911. Rehearing denied January 9, 1912.

WILLIAM ENGLISH, for appellant.

JAMES MAHER and JOHN T. MURRAY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

On October 18, 1905, about 5:30 p. m., William H. Delaney, appellee's intestate, a man thirty-eight years old, was walking across from the west side to the east side of Canal street at or just north of Adams street, in the city of Chicago. When he was somewhat more than half way across Canal street he came in collision with the shoulder or forward portion of the west horse of a team drawing a wagon belonging to appellant, which was being driven north in Canal street on the easterly side of the street. When the collision between

Delaney and the horse occurred, Delaney fell to the ground. The wagon was stopped before the front wheels had touched him, and he was picked up from under the west horse. He was removed to the Cook County Hospital and remained there until October 27, 1909, when he died.

. Appellee, as administrator of the estate of Delaney, brought an action in the Circuit Court of Cook County for the benefit of the next of kin of Delaney, and recovered a judgment for $2,500 and costs against appellant, Brinks' Chicago City Express Company, for the wrongful act causing the death of Delaney.

The declaration consists of two counts. The first count alleges general negligence, and the second alleges negligence consisting in driving the horses at an undue, excessive and improper rate of speed, and without giving any warning of the approach of the horses and wagon.

The contentions of appellant are, (1) that the evidence did not establish negligence on the part of appellant; (2) that the evidence did not establish due care on the part of appellee's intestate; and (3) that the evidence did not establish that the intestate died as a result of any injury received by him.

Upon a careful review of the evidence in the case, we find that there is a controversy as to whether the deceased was walking directly across Canal street on the north crossing of Adams and Canal streets, or whether he walked a little toward the northeast and slightly north of the crossing. The evidence as to whether the deceased was exercising due care for his own safety while he was walking in the street, and whether or not he was under the influence of liquor at the time of the accident, presents considerable controversy. There is also some controversy as to whether the team and horses were moving rapidly or slowly at the time of the accident. The driver of the team, Brock, testified that his team was "nicely started

on a trot," that the wagon did not go over six or seven feet after the collar of the horse struck the man; that he saw the man crossing the street and shouted to him before he was struck, and that he backed the team after Delaney fell to the ground, so as to be sure that the wagon had not touched him.

Upon a careful consideration of the evidence, we do not find that the verdict and judgment of the court is manifestly and clearly against the weight of the evidence upon the questions as to whether the defendant, appellant, was guilty of the negligence averred in the declaration, or whether the deceased, before and at the time of the accident, was in the exercise of due and proper care for his own safety. The latter question is particularly close, upon the evidence. We are of the opinion that although the deceased was in a weak and unhealthy physical condition at the time of the accident, the concussion and injury then received by him was the proximate and immediate cause of his death.

We are unable to find any clear ground for disagreeing with the verdict of the jury upon either of the above questions. The evidence does not compel us to a conclusion different from that of the jury. We cannot say even that if we were sitting as jurors in the case we would find a different verdict, or come to a different conclusion from that expressed in the verdict and the special findings as submitted to the jury. No material errors in the rulings of the court are shown by the record, and the judgment must, therefore, be affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE BALDWIN took no part in the decision of the case.